UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RYAN JHAGROO,

                Plaintiff,

        - against -

JORGE SANTOS, ESQ.; RONALD D.
HOLLIE; JOHN DOE, LEGAL AID
SOCIETY,

                Defendants.
--------------------------------------------------------x

**NOT FOR PUBLICATION**

<u>**MEMORANDUM & ORDER**</u>
19-CV-2037 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Ryan Jhagroo, currently incarcerated at Collins Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff brings this action against attorney Jorge Santos ("Santos") who was assigned to represent him in a state criminal matter. (*See* Complaint, Dkt. 1, at 2.) Plaintiff alleges that after he was sentenced, Santos "never filed my appeal." (*Id.* at 3; *see also id.* ("that is what [this] whole lawsuit [is] about").) Plaintiff further alleges that he and Santos "never had a good relationship," and that he sought to have new counsel appointed, but that the state court judge who presided over Plaintiff's criminal matter, Justice Ronald D. Hollie ("Justice Hollie"), denied his request. (*Id.* at 4.) Plaintiff also brings this action against another, unnamed, lawyer from the Legal Aid Society. (*See id.* at 2.) Finally, Plaintiff brings this action against Justice Hollie. (*See id. at* 1; *see also id.*

1

at ECF[1] 6 ("I am suing the Judge . . . for allowing this [to] happen.").)  Plaintiff seeks money damages or for his criminal case to be "thrown out or a reversal for in[e]ffective counsel."[2]  (*Id.* at 5.)

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissals of frivolous prisoner complaints are not only permitted but mandatory).  Similarly, under the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Although Plaintiff's requested relief suggests he may be seeking to be released from prison, the Court is not construing his complaint as a habeas petition pursuant to 28 U.S.C. § 2254 because Plaintiff has not provided any of the necessary information for such a petition.  *See Petition for Relief From a Conviction or Sentence By a Person in State Custody*, https://img.nyed.uscourts.gov/files/forms/PRO%20SE%202254.pdf (last visited April 26, 2019) (§ 2254 *Pro Se* Petition Form); *see also Geer v. Brown*, No. 14-CV-6172 (CBA) (LB), 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015) ("To the extent [Plaintiff] seeks release from prison, he must file a federal habeas petition, pursuant to 28 U.S.C. § 2254.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973)).

In reviewing a *pro se* complaint, the Court is required to read it liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); *see also Flynn v. James*, 513 F. App'x 37, 39 (2d Cir. 2013) (summary order). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## I.    Claims Against Defendants Santos & The Legal Aid Society

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. It is well-settled that court-appointed attorneys do not act under color of state law by representing clients. *See Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) ("a court-appointed criminal defense attorney does not act under color of state law when representing a client") (citing

*Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997)); *see also*, *e.g.*, *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society [attorney] ordinarily is not a state actor amenable to suit under § 1983."); *Daniel v. Safir*, 135 F. Supp. 2d 367, 374 (E.D.N.Y. 2001) ("[I]t is well-established that the Legal Aid Society and its attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (internal quotations and citation omitted); *Pecou v. Hirschfeld*, No. 07-CV-5449 (SJF), 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment.") (citing *Polk Cty. v. Dodson*, 454 U.S. 213, 325 (1981)). Accordingly, Plaintiff's claims against Defendants Santos and The Legal Aid Society are dismissed.

## II.  Claims Against Defendant Justice Hollie

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988)). Plaintiff's claims against Justice Hollie all relate to acts he performed in his capacity as a judicial official. Thus, Justice Hollie is entitled to absolute immunity and Plaintiff's claims against him are dismissed.[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

---

[3] Though ordinarily the Court would allow Plaintiff an opportunity to amend his pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: April 26, 2019
      Brooklyn, New York